### GIDEON STILES & another *vs.* THE WESTERN RAIL ROAD CORPORATION.

The declarations of an agent respecting a transaction, which are not made till after it is past, are not admissible in evidence against his principal.

ASSUMPSIT to recover pay for a quantity of powder.

It appeared, from the report of the judge before whom the trial was had in the court of common pleas, " that the construction of the 74th section of the Western Rail Road was contracted for by Josiah Baylies, who underlet the same to Stocking & Lord ; and that Lord was associated with Almon Lard, under the style of A. B. Lord & Co., they having purchased of Stocking his interest in the contract ; that about the 1st of March 1840, the workmen on said section became dissatisfied and

refused to work, because Lord & Co. did not pay them; that Julius Adams, the assistant engineer, who had charge of the section, agreed with the men to continue their work, and that the corporation (the defendants) would see them paid; and that he dismissed Lard, and refused to permit him to remain about the work; that the powder sued for was delivered and used on section 74, under a contract with Stocking & Lord, up to said 1st of March; but that this contract was not for any particular quantity; and that when said Adams became responsible to the workmen, he assumed, in behalf of the defendants, to carry on the work and pay all the expenses.

" The plaintiffs contended that the defendants were liable to them for the powder furnished and used, after March 1st 1840, on an implied contract, although there was no evidence of any communication on the subject between the plaintiffs and any agents of the defendants.

" To prove that the defendants, by the said Adams, had assumed the work, and undertaken to pay all the expenses, the plaintiffs offered Daniel Collins, jr. as a witness; and he testified that he was a merchant, and that, in the spring of 1840, he had difficulty in getting his pay for goods sold to the workmen on said section; that he went to said Adams, to ascertain the probability of getting pay, and that Adams said to him that the men would now get their pay, and that the corporation had assumed the work.

" The plaintiffs also introduced Nored Elder, as a witness; and he testified that he had claims against A. B. Lord & Co., for provisions delivered to their workmen; that he called on said Adams, about the 1st of April 1840, to see about getting his pay; that Adams admitted that the corporation had assumed the work, but remarked that they did not feel obligated to pay any of the debts of Lord & Co. which were contracted before the 1st of March, but that for any thing which the hands wished to live upon, after that time, the corporation were to pay."

The jury found a verdict for the plaintiffs, and the defendants alleged exceptions to the admission of the foregoing testimony.

Stiles & another *v.* Western Rail Road Corporation.

*R. A. Chapman & H. Morris,* for the defendants, cited *Haven v. Brown,* 7 Greenl. 424. *Thallhimer* v. *Brinckerhoff,* 4 Wend. 394. *Fairlie* v. *Hastings,* 10 Ves. 126. 2 Stark. Ev. 43. Greenl. on Ev. § 113. Story on Agency, § 135.

*W. G. Bates,* for the plaintiffs, cited Angell & Ames on Corp. (2d ed.) 249. *American Fur Co.* v. *U. States,* 2 Pet. 358. *Cobb* v. *Lunt,* 4 Greenl. 503. *Pool* v. *Bridges,* 4 Pick. 378. *Woods* v. *Clark* and *Haynes* v. *Rutter,* 24 Pick. 35, 242. Story on Agency, 135 – 137, & *notes.*

WILDE, J. At the trial in the court of common pleas, the declarations of the defendants' agent were admitted, to prove that they had employed the plaintiffs to supply the powder for which they demand compensation in this action; and it is very clear that such declarations are not admissible in evidence. The declarations of an agent are admissible only when made in regard to a transaction then depending. Such declarations are considered as part of the *res gesta,* and so binding on the principal. When an agent is acting within the scope of his authority, his declarations accompanying his acts are admissible, as they may qualify his acts; but his declarations as to other matters and transactions are merely hearsay testimony. Such was the evidence admitted in the present case. It ought not to have been admitted, and the exceptions must therefore be sustained. Greenl. on Ev. § 113. *Fairlie* v. *Hastings,* 10 Ves. 126. *Haven v. Brown,* 7 Greenl. 424.

*New trial granted.*